UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| INTER NATIONAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 7:17-CV-00367 |
| | § | |
| AXIS INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AXIS INSURANCE COMPANY'S ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL PETITION AND COUNTERCLAIM**

AXIS Insurance Company ("AXIS") files its Original Answer to Plaintiff's Original Petition and Counterclaim, and in support thereof would respectfully show the Court as follows:

**Statement of Relief Sought-Rule 47(c)(5), Tex. R. Civ. P.**

1. Answering the unnumbered paragraph of Plaintiff's Original Petition and Requests for Disclosure (the "Petition"), under the heading Statement of Relief Sought-Rule 47 (c)(5), AXIS admits that Plaintiff International Bank ("INB") is seeking over $1 million in relief but denies that it is entitled to any such relief.

**I.  Discovery Control Plan.**

2. Answering paragraph 1 of the Petition, this paragraph is now moot given the removal to federal court.

**II.  Parties, Jurisdiction and Venue.**

3. Answering paragraph 2 of the Petition, AXIS admits the allegations contained therein.

4. Answering paragraph 3 of the Petition, AXIS admits the allegations contained therein.

_____

5.     Answering paragraph 4 of the Petition, AXIS need not admit or deny the allegations contained therein as they are moot given the removal to federal court. AXIS admits that venue and jurisdiction are proper in this Court for the reasons set forth in AXIS's Notice of Removal.

### III.    Facts and allegations allegedly relevant to this matter.

6.     Answering the first sentence of paragraph 5 of the Petition, AXIS admits that there is a lawsuit by the name and cause number alleged pending in the United States District Court for the Southern District of Texas but has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein. Answering the second sentence of paragraph 5 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Answering the third sentence of paragraph 5 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Answering the fourth sentence of paragraph 5 of the Petition, AXIS admits the allegations contained therein. Answering the fifth sentence of paragraph 5 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Further answering paragraph 5 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

7.     Answering the first sentence of paragraph 6 of the Petition, AXIS denies the allegations contained therein. Answering the second and third sentences of paragraph 6 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Answering the fourth, fifth, and sixth sentences of paragraph 6 of the Petition, AXIS denies that Plaintiff has

accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Further answering paragraph 6 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

8. Answering the first sentence of paragraph 7 of the Petition, AXIS admits that a Second Amended Complaint was filed on March 24, 2014, denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Answering the second, third, fourth, and fifth sentences of paragraph 7 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Answering the sixth and seventh sentences of paragraph 7 of the Petition, AXIS admits the allegations contained therein. Further answering paragraph 7 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

9. Answering the first sentence of paragraph 8 of the Petition, AXIS admits the allegations contained therein. Answering the second sentence of paragraph 8 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself. Further answering paragraph 8 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

10. Answering paragraph 9 of the Petition, AXIS admits that a Fourth Amended Complaint was filed in the underlying lawsuit in April 2017, but AXIS denies that the Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced complaint speaks for itself.

11. Answering paragraph 10 of the Petition, AXIS denies that Plaintiff has accurately or fully alleged the allegations of the referenced complaint, and states that the referenced

complaint speaks for itself. Further answering paragraph 10 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

12. Answering the first sentence of paragraph 11 of the Petition, AXIS admits that INB has filed an answer denying allegations of the complaints asserted against it in the underlying lawsuit but AXIS has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein. Answering the second sentence of paragraph 11 of the Petition, AXIS admits that INB has summarized the allegations of the complaints filed in the underlying lawsuit in the Petition but denies that those summaries are complete and further denies that any of those summaries show that AXIS has breached its contract.

**IV. AXIS allegedly breaches its contract.**

13. Answering the first sentence of paragraph 12 of the Petition, AXIS admits that it issued the referenced policy, No. MAN 767154/01/2012 (the "Policy"), to INB and that it was effective from May 7, 2012, through May 7, 2013, but denies the remaining allegations contained therein. Answering the second sentence of paragraph 12 of the Petition, AXIS responds that the referenced Policy speaks for itself but denies that the Plaintiff has offered a complete and accurate representation of the terms of the Policy.

14. Answering paragraph 13 of the Petition, AXIS responds that the referenced Policy speaks for itself but denies that the Plaintiff has offered a complete and accurate representation of the terms of the Policy.

15. Answering paragraph 14 of the Petition, AXIS responds that the referenced Policy speaks for itself but denies that the Plaintiff has offered a complete and accurate representation of the terms of the Policy.

16.     Answering paragraph 15 of the Petition, AXIS responds that the referenced Policy speaks for itself but denies that the Plaintiff has offered a complete and accurate representation of the terms of the Policy.

17.     Answering the first sentence of paragraph 16 of the Petition, AXIS admits that it received notice of the lawsuit on June 1, 2012, but denies the remaining allegations contained therein. Answering the second and third sentences of paragraph 16 of the Petition, AXIS admits the allegations contained therein.

18.     Answering the first sentence of paragraph 17 of the Petition, AXIS admits that it issued a letter to INB dated July 26, 2012, and that this letter did reserve rights and attach Litigation Management Guidelines but denies that the Plaintiff has offered a complete and accurate representation of that letter. Answering the second sentence of paragraph 17 of the Petition, AXIS responds that the letter dated July 26, 2012, speaks for itself but denies that the Plaintiff has offered a complete and accurate representation of that letter. Further answering paragraph 17 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

19.     Answering paragraph 18 of the Petition, AXIS admits that it sent a letter denying coverage on September 10, 2013, but denies the remaining allegations contained therein.

20.     Answering the first sentence of paragraph 19 of the Petition, AXIS denies the allegations contained therein. Answering the second sentence of paragraph 19 of the Petition, AXIS responds that the letter dated September 10, 2013, speaks for itself but denies that the Plaintiff has offered a complete and accurate representation of that letter. Answering the third sentence of paragraph 19 of the Petition, AXIS responds that the letter dated September 10, 2013, speaks for itself but denies that the Plaintiff has offered a complete and accurate

representation of that letter. Further answering paragraph 19 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

21. Answering paragraph 20 of the Petition, AXIS admits that INB sent a letter dated October 4, 2013, requesting reconsideration, but denies the remaining allegations contained therein.

22. Answering paragraph 21 of the Petition, AXIS admits that INB's counsel contacted counsel for AXIS in February 2014 to advise of the assignment of Robertson's claims and that AXIS thereafter, after careful consideration, continued to deny coverage. Further answering paragraph 20 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

23. Answering paragraph 22 of the Petition, AXIS denies the allegations contained therein.

## V. Causes of Action.

### a. Declaratory Judgment.

24. Answering paragraph 23 of the Petition, AXIS incorporates by reference its responses to paragraphs 1-22 above.

25. Answering paragraph 24 of the Petition, AXIS admits that the underlying lawsuit is still pending, but it has insufficient information to admit or deny the allegation that no other court is hearing a dispute arising out of the questions raised in the Petition. Further answering paragraph 24 of the Petition, AXIS denies all other allegations therein not otherwise admitted.

26. Answering paragraph 25 of the Petition, AXIS denies the allegations contained therein.

27. Answering paragraph 26 of the Petition, AXIS denies the allegations contained therein.

28. Answering paragraph 27 of the Petition, AXIS admits that it has continued to deny coverage, but otherwise denies the allegations contained therein.

29. Answering paragraph 28 of the Petition, AXIS denies the allegations contained therein.

30. Answering paragraph 29 of the Petition, AXIS denies the allegations contained therein.

31. Answering paragraph 30 of the Petition, AXIS denies the allegations contained therein.

    b.    **Breach of Contract.**

32. Answering paragraph 31 of the Petition, AXIS incorporates by reference its responses to paragraphs 1-30 above.

33. Answering paragraph 32 of the Petition, AXIS denies the allegations contained therein.

34. Answering paragraph 33 of the Petition, AXIS admits that INB has retained counsel but denies the remaining allegations contained therein.

    c.    **Violation of Chapter 542, TEX. INS. CODE**

35. Answering paragraph 34 of the Petition, AXIS incorporates by reference its responses to paragraphs 1-33 above.

36. Answering paragraph 35 of the Petition, AXIS admits that it received notice of the underlying lawsuit on June 1, 2012.

37. Answering paragraph 36 of the Petition, AXIS denies the allegations contained therein.

38. Answering paragraph 37 of the Petition, AXIS denies the allegations contained therein.

**Jury Demand**

39.   Answering paragraph 38 of the Petition, AXIS need not admit or deny the allegation contained therein.

40.   Responding to the prayer set forth in the Petition, AXIS denies that the Plaintiff is entitled to any of the relief requested therein.

41.   Further answering the allegations of the Petition, AXIS denies all allegations therein not otherwise admitted.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

42.   Plaintiff has failed to state a viable cause of action or valid claim upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

43.   Section I., the Insuring Agreement of the Policy, provides, in pertinent part:

> As a condition precedent to the coverage afforded under this Policy, a **Claim** must be reported in writing to the Insurer as soon as practicable after any **Executive Officer** or the risk manager of the **Insured Organization** first becomes aware of such **Claim**, but in no event later than sixty (60) days after the expiration of the **Policy Period**, or the Extended Reporting Period, if applicable.

44.   Plaintiff failed to report its alleged **Claim** as soon as practicable after any **Executive Officer** or the risk manager of the **Insured Organization** first became aware of such alleged **Claim.** Therefore, Plaintiff's claims are barred because it has failed to comply with a valid condition precedent to coverage under the Policy.

**THIRD AFFIRMATIVE DEFENSE**

45.   Exclusion IV.A.8. of the Policy provides that AXIS "shall not be liable for Loss on account of any Claim:"

       8.    based upon, arising out of, or attributable to:

           a.    the gaining of any profit, remuneration, or advantage to which the **Insured** was not legally entitled; or

           . . . ;

           if established by a final judgment or final adjudication adverse to such **Insured** in any proceeding;

46.    To the extent a final judgment or adjudication adverse to Plaintiff establishes that Plaintiff's alleged loss resulted from the gaining of any profit or remuneration or advantage to which Plaintiff was not legally entitled, Plaintiff's claim is barred by Exclusion IV.A.8. of the Policy.

### FOURTH AFFIRMATIVE DEFENSE

47.    Exclusion IV.A.19. of the Policy provides that AXIS "shall not be liable for Loss on account of any Claim:"

       19.    for an **Insured's** liability under any written or oral contract or agreement, regardless of whether such liability is direct or assumed; provided that this Exclusion shall not apply to:

           a.    any **Claim** against an **Insured** by a customer or client of the **Insured Organization**, if and to the extent that the **Claim** alleges a breach of contractual obligations in the rendering of or failure to render **Professional Services**; or

           b.    **Loss** for which an **Insured** would be legally liable in the absence of such contract or agreement;

48.    To the extent Plaintiff seeks recovery for any loss on account of any claim for Plaintiff's liability under any contract, Plaintiff's claim is barred by Exclusion IV.A.19. of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

49. Exclusion IV.A.13. of the Policy provides that AXIS "shall not be liable for Loss on account of any Claim:"

> 13. based upon, arising out of, or attributable to:
> a. the purchase, sale, participation, syndication, grant, or commitment to;
> b. any act of restructure, termination, transfer, repossession, or foreclosure on;
> c. the rendering of advice in connection with; or
> d. any act performed by an **Insured** for a customer or client of the **Insured Organization** arising from extending or refusing to extend or grant
> any loan, lease, or extension of credit or any failure to do the activities described in this Exclusion.

50. Here, the claim against INB in the underlying lawsuit is for improper foreclosure on a certificate of deposit pledged as collateral on a loan, and Exclusion 13 therefore bars coverage.

### SIXTH AFFIRMATIVE DEFENSE

51. Exclusion IV.A.14. of the Policy provides that AXIS "shall not be liable for Loss on account of any Claim:"

> 14. based upon, arising out of, or attributable to the operation or control of any entity, property, or other asset that the Insured acquired as security or collateral for any loan, lease, or extension of credit.

52. Here, the claims against INB in the underlying lawsuit allege that it failed in its control of an asset (a certificate of deposit) that it acquired as collateral on a loan. Exclusion 14 therefore bars coverage.

### SEVENTH AFFIRMATIVE DEFENSE

53. The Plaintiff has failed to bring this lawsuit within the appropriate statute of limitations.

### COUNTERCLAIM FOR ATTORNEY'S FEES

54. AXIS has been compelled to employ the law firm of Strasburger & Price, LLP to defend this action. AXIS is entitled to recover from Plaintiff its costs and reasonable and necessary attorney's fees incurred through the trial of this cause and, if necessary, appeal.

Wherefore, Defendant AXIS Insurance Company respectfully requests that Plaintiff take nothing by way of its lawsuit, that the Court enter a judgment declaring AXIS has no liability for any of the claims asserted against it in this lawsuit, award Defendant AXIS Insurance Company its costs and reasonable and necessary attorney's fees incurred herein, and grant AXIS such other and further relief to which it is justly entitled.

Respectfully Submitted,

*/s/ Michael Keeley*
MICHAEL KEELEY
State Bar No. 11157800
Southern District of Texas Bar No. 10511
michael.keeley@strasburger.com
CARLA C. CRAPSTER
State Bar No. 24065094
Southern District of Texas Bar No. 1742183
carla.crapster@strasburger.com
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4718
Telecopier: (214) 659-4121

**ATTORNEYS FOR DEFENDANT AXIS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to all counsel listed below on this 29th day of September, 2017, via the Court's CM/ECF System.

Thomas B. Alleman    .
talleman@dykema.com
Dykema Cox Smith
1717 Main Street, Suite 4200
Dallas, Texas 75201

                                             */s/ Carla Crapster*
                                          Carla Crapster